**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK, CENTRAL ISLIP**
-------------------------------------------------------------------x

Helen Shirazi, an individual, on behalf of          **COMPLAINT**
Herself and all others similarly situated,            **CLASS ACTION**

                       Plaintiff,
     - against –

Roach & Murtha Attorneys at Law P.C. aka        **JURY TRIAL**
Roach & Murtha, P.C., Gemini Equities, LLC,       **DEMANDED**
Assignee in Interest to Erin Capital
Management LLC, and Caddis Funding, LLC       Index No._____
in Interest to Gemini Equities, LLC,
                      Defendants.
-------------------------------------------------------------------x

     Plaintiff, by Akiva Shapiro, Esq., her attorney, complaining of the Defendants, alleges, upon information and belief:

1. At all times mentioned, plaintiff, Helen Shirazi, a natural person was and still is a resident of the County of Nassau, New York.

2. At all the times mentioned, defendant, Roach & Murtha Attorneys at Law, P.C. aka Roach & Murtha, P.C. (hereinafter "Roach"), a corporation incorporated under the laws of the State of New York, was and is a resident of the State of New York, Nassau County.

3. At all the times mentioned, defendant, Gemini Equities, LLC, Assignee in Interest to Erin Capital Management LLC (hereinafter "Gemini"), a company formed under the laws of the State of NY, was and is a resident of the State of NY, Westchester County.

4. Upon information and belief, Caddis Funding, LLC, Assignee in Interest from Gemini Equities, LLC (hereinafter "Caddis"), has a service address of c/o InvestiNet, LLC, 910 Pickney St, Greenville, SC 29609.

5. Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce..."), and 15 U.S.C. §1692k ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, …").

7. Venue is proper in this judicial district because defendant Roach resides in and engaged in the complained of collection activities in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (1) a judicial district in which any defendant resides, or; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...").

## FACTUAL ALLEGATIONS AND PRACTICE COMPLAINED OF

8. 15 USCA § 1692e (10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ***

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

9. On or about September 10, 2020, Roach, as attorneys for and on behalf of Gemini, issued a Restraining Notice (the "RN") on J.P. Morgan Chase (hereinafter "Chase Bank"), restraining Plaintiff's bank accounts held at Chase Bank.

10. In the RN, Roach certified, pursuant to NY CPLR § 5224(a)(3)(i), that it had a reasonable belief that Chase Bank had in its possession information about Plaintiff that would assist Gemini in collecting the debt.

11. Upon information and belief, Roach obtained information that Chase Bank held an account for Plaintiff by first having issued an electronic information subpoena pursuant to NY CPLR § 5224(a)(4) to Chase Bank in which Roach transmitted an electronic file to Chase Bank containing a list of social security numbers of some or all the judgment debtors against which it collects together with an information subpoena (collectively the "Omnibus Subpoena"), and Chase Bank transmitted back a list of social security numbers which matched account holders at its institution, known in the industry as "Hits." The Omnibus Subpoena likewise requires a certification, pursuant to NY CPLR § 5224(a)(3)(i), that Roach had a reasonable belief that Chase Bank had in its possession information about Plaintiff that would assist Gemini in collecting the debt.

12. Because Plaintiff's account with Chase Bank was new, it was not possible for Roach to have formulated the reasonable belief necessary to be in compliance with NY CPLR § 5224(a)(3)(i).

13. Including Plaintiff's social security number in its RN and/or Omnibus Subpoena to Chase Bank, without a reasonable belief of a basis therefore, but certifying that it did have a reasonable belief, is a prohibited use of false, deceptive, or misleading representation or means in connection with the collection of the debt by Roach and Gemini, in violation of 15 USCA § 1692e (10).

14. These alleged violations were brough to the attention of Roach via letter dated June 21, 2021, with a request that it respond if it believed it had a reasonable basis to inquire of Chase Bank. No response has been received to date. A data preservation demand was simultaneously communicated to Roach on June 21, 2021.

15. Caddis is assignee of Gemini and has, after the events complained of, purportedly assumed all rights and obligations relative to the judgment against Plaintiff.

## CLASS ALLEGATIONS

16. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

17. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

18. Upon information and belief, the Omnibus Subpoena issued by Roach was intended as a general electronic sweep of multiple debtors' social security numbers against Chase Bank and other financial institutions, conducted without any reasonable believe on an individualized basis that an account was held by Chase Bank or such other financial

institution for the individual debtor or that Chase Bank or such other financial had information that would be useful to Gemini in its debt collection efforts for in the individual debtor. The activity was instead a fishing expedition on a mass scale to get "lucky" and find Hits at Chase Bank and such other financial institutions.

19. Including multiple debtors' social security numbers in its RN and/or Omnibus Subpoena to Chase Bank and other financial institutions, without a reasonable belief of a basis therefore, but certifying that it did have a reasonable belief, is a prohibited use of false, deceptive, or misleading representation or means in connection with the collection of the debt by Roach and Gemini, in violation of 15 USCA § 1692e (10) against all members of the class.

20. The proposed class consists of all persons whose social security number was included in the Omnibus Subpoena electronic files transmitted to Chase Bank and other financial institutions for whom Roach had no reasonable belief that the individual debtor had an account at Chase Bank or such other financial institution.

21. The identities of all class members are readily ascertainable from the records of Roach and Gemini.

22. Plaintiff is a member of the putative class.

23. Excluded from the class are the Defendants and all of their officers, members, partners, managers, directors, employees, and each of their respective immediate families, along with legal counsel for all Parties to this action and all members of their immediate families.

24. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issue is whether Defendant's Omnibus Subpoena violates 15 U.S.C. §§ 1692e or 1692e(10).

25. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

26. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

27. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity**: Plaintiff informed and believes, and on that basis alleges, that the Class, defined *supra*, is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. With respect to the Class, the principal issue is whether Defendant's Omnibus Subpoena violates 15 U.S.C. §§ 1692e or 1692e(10).

    c. **Typicality**: The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class members insofar as she has no interests that are averse to absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

28. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Based on discovery and further investigation (including but not limited to Defendants' disclosure of class size and net worth). Plaintiff may, in addition to moving for class

certification using modified definitions of the Class, Class Claims, and die class period, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO PLAINTIFF AND THE CLASS

30. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

31. Including Plaintiff's social security number in its RN and/or Omnibus Subpoena to Chase Bank, without a reasonable belief of a basis therefore, but certifying that it did have a reasonable belief, is a prohibited use of false, deceptive, or misleading representation or means in connection with the collection of the debt by Roach and Gemini, in violation of 15 USCA § 1692e (10).

32. Including multiple debtors' social security numbers in its RN and/or Omnibus Subpoena to Chase Bank and other financial institutions, without a reasonable belief of a basis therefore, but certifying that it did have a reasonable belief, is a prohibited use of false, deceptive, or misleading representation or means in connection with the collection of the debt by Roach and Gemini, in violation of 15 USCA § 1692e (10) against all members of the class.

33. No previous application has been made for the relief sought herein to this court or any other of competent jurisdiction.

## DEMAND FOR TRIAL BY JURY

34. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the class (defined above) as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Akiva Shapiro, Esq., as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Nassau, New York
August 19, 2021

                                                            /s/ Akiva Shapiro

Akiva Shapiro, Esq.
Akiva Shapiro Law, PLLC
Attorney for Plaintiff
Mailing Address:
696 Old Bethpage Road #540
Old Bethpage, NY 11804
Phone: (347) 435-6529
Fax: (347) 710-2543
akiva@shapirolaw.nycy